1  ADAM PAUL LAXALT
     Attorney General
2  BENJAMIN R. JOHNSON, Bar No. 0632
     Deputy Attorney General
3  State of Nevada
   Bureau of Litigation
4  Public Safety Division
   100 N. Carson Street
5  Carson City, NV  89701-4717
   Tel:  (775) 684-1254
6  E-mail:  bjohnson@ag.nv.gov

7  *Attorneys for Defendants*
   *Quentin Byrne, Tara Carpenter,*
8  *and Anthony Carrasco*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KENNETH WILKINS,

       Plaintiff,

vs.

BYRNE, et al.,

       Defendant.

Case No.  3:16-cv-00249-MMD-WGC

**ORDER GRANTING DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO SERVE RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, Quentin Byrne, Tara Carpenter, and Anthony Carrasco, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Benjamin R. Johnson, Deputy Attorney General, hereby move this Court for an enlargement of time to serve their responses and/or objections to Plaintiff's Request for Interrogatories (Second Set).  This Motion is based on the following Memorandum of Points and Authorities and all papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND RELEVANT PROCEDURAL HISTORY**

Plaintiff Kenneth Wilkins served his untimely Request for Production of Documents on or about January 8, 2018.  Pursuant to Fed. R. Civ. P. 33(b)(2), a responding party must serve its answers and any objections within thirty (30) days after being served with the interrogatories.  Therefore, responses and/or objections to Plaintiff's Request for Interrogatories are due to be served on today's date, February 7, 2018.

///

///

1

Defendants have indicated they need additional time to respond and gather documents. Therefore, counsel respectfully requests an enlargement of time of fourteen (14) days to serve the responses and/or objections to Plaintiff's Request for Interrogatories.

**II.     ARGUMENT**

FED. R. CIV. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The proper procedure, when additional time for any purpose is needed, is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa. 1962). Extensions of time may always be asked for, and usually are granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947).

Counsel seeks an enlargement of time to serve the responses and/or objections to Plaintiff's Request for Interrogatories. Defendants' time to serve the responses and/or objections has not expired. This enlargement of time is not made for the purposes of delay or to prejudice Plaintiff. For these reasons, Defendants request an enlargement of time of fourteen (14) days to serve the responses and/or objections to Plaintiff's Request for Production of Documents.

///
///
///
///
///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this motion for enlargement of time to serve responses and/or objections to Plaintiff's Request for Production of Documents be granted.

DATED this 7th day of February, 2018.

        ADAM PAUL LAXALT
        Attorney General

        By: */s/ Benjamin R. Johnson*
        BENJAMIN R. JOHNSON
        Deputy Attorney General
        State of Nevada
        Bureau of Litigation
        Public Safety Division

        *Attorneys for Defendants*

**APPROVED AND SO ORDERED:**

*/s/ William G. Cobb*
**U.S. MAGISTRATE JUDGE**

DATED: February 8, 2018